**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

**HULAN ADAMS** — **CASE NO. 2:26-CV-03757**

**VERSUS** — **JUDGE JAMES D. CAIN, JR.**

**JAMES J MURPHY** — **MAGISTRATE JUDGE LEBLANC**

## MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 8] filed under Federal Rule of Civil Procedure 12(b)(6) by defendant James J. Murphy. Plaintiff Hulan Adams opposes the motion. Doc. 11.

### I.
### BACKGROUND

This suit arises from medical care that plaintiff received from defendant after he was injured on April 16, 2021, by a gunshot wound that passed through his left hand and caused a comminuted fracture of his left mid-shaft femur. Doc. 1, att. 1, ¶¶ 12–14. In his amended complaint he alleges as follows: He was admitted to Lake Charles Memorial Hospital on the day of the shooting and stabilized in the emergency department. Doc. 10, ¶¶ 16–18. The following day defendant, an orthopedic surgeon, operated on plaintiff. Before surgery he examined plaintiff and recorded "Left leg short and externally rotated." *Id.* at ¶¶ 19–20. The operative report also describes the femur, before surgery, as fractured "in the mid shaft with severe comminution and shortening." *Id.* at ¶ 21.

Defendant performed a closed reduction and intramedullary fixation on the left femur and a percutaneous pin fixation of a fractured left metacarpal. *Id.* at ¶¶ 24–25. Defendant documented an assessment of rotation and length for plaintiff's finger but documented no comparable assessment for the femur. *Id.* at ¶¶ 30–32. Defendant's operative report recorded no complications. *Id.* at ¶ 34. Defendant signed progress notes for plaintiff on April 18 and April 19, but did not note any assessment of leg length or rotation. *Id.* at ¶¶ 36–39. Plaintiff was discharged from the hospital on April 19. *Id.* at ¶ 41.

Plaintiff presented for a follow-up examination with Dr. Jeffrey Balaszy on April 29, 2021. *Id.* at ¶ 43. During the visit he complained that his left leg was short, and the examination showed marked swelling and bruising in and around the left thigh. *Id.* at ¶¶ 44–45. His left leg measured approximately four centimeters shorter than his right leg and was externally rotated at more than 30 degrees for the angle and base of gait. *Id.* at ¶¶ 47–49. X-rays taken at the visit showed bullet fragments remained around the femoral shaft. *Id.* at ¶ 50. Plaintiff was diagnosed with a malreduction of the left femoral shaft fracture, with significant external rotation deformity and foreshortening of the left lower extremity of greater than four centimeters. *Id.* at ¶ 51. Dr. Balazsy recorded that the more concerning of the two deformities was the limb length discrepancy. *Id.* at ¶ 52.

On May 3, 2021, plaintiff underwent revision surgery with Dr. Balazsy at Lake Charles Memorial Hospital. *Id.* at ¶ 54. Dr. Balazsy removed the nail and screws placed by defendant, reduced the fracture, and placed four 2-milimeter Dall-Miles cables with sleeves to restore the length and rotation of the femur. *Id.* at ¶¶ 57–59. Dr. Balazsy also manipulated plaintiff's knee during surgery because it had become very stiff with the loss of motion

since his first surgery. *Id.* at ¶ 62. Plaintiff was discharged from the hospital two days later, with restoration of length obtained through the revision construct. *Id.* at ¶¶ 61, 63.

On April 11, 2022, plaintiff submitted a request for formation of a medical review panel, naming defendant and asserting acts of malpractice arising from the surgery he performed on April 17, 2021. *Id.* at ¶ 6. The medical review panel rendered its opinion on June 9, 2026. *Id.* at ¶ 10. Plaintiff then filed suit in state court on August 28, 2026, raising claims of negligence and failure to obtain informed consent under Louisiana law. Doc. 1, att. 1. He asserted that defendant's actions constituted gross negligence, disqualifying him from any statutory immunity arising out of the COVID-19 public health emergency. *Id.*

Defendant removed the matter to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1. He now moves to dismiss the claims against him on the grounds that plaintiff fails to overcome the immunity provisions of the Louisiana Health Emergency Powers Act ("LHEPA"), La. R.S. § 29:771(B)(2)(c)(i), which insulated healthcare providers from civil liability for treatment provided during the COVID-19 public health emergency except in cases of gross negligence or willful misconduct. Doc. 8. In response plaintiff filed an amended complaint. Doc. 10. He argues that the amendment, which includes additional allegations relating to the first operation and post-operative care, plausibly alleges gross negligence and renders defendant's motion moot. Doc. 11. Alternatively, he maintains that he should be allowed to amend his complaint again if the court still considers his allegations deficient. Doc. 11. Defendant asserts that the amended complaint still falls short of gross negligence and that the court should decide the motion under the amended allegations. Doc. 14.

## II.
## LAW & APPLICATION

### A. Legal Standard

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### B. Application

LHEPA provides that, during a state of public health emergency declared by the governor, "no health care provider shall be civilly liable for causing the death of, or injury to, any person or damage to any property except in the event of gross negligence or willful

misconduct." La. R.S. 29:766(A), 771(B)(2)(c)(i). On March 11, 2020, Governor John Bel Edwards declared such an emergency for Louisiana due to the COVID-19 pandemic. This state of emergency was extended through March 16, 2022. Procl. 25 JBE 2020, *available at* https://gov.louisiana.gov/assets/ExecutiveOrders/25-JBE-2020-COVID-19.pdf; *see, e.g.*, *Shortridge v. West Calcasieu Cameron Hosp.*, 411 So.3d 651, 655 n. 1 (La. Ct. App. 3d Cir. 2024). Gross negligence is defined as:

> the want of even slight care and diligence and the want of that diligence which even careless men are accustomed to exercise . . . the entire absence of care and the utter disregard of [] prudence, amounting to complete neglect of the rights of others. Additionally, gross negligence has been described as an extreme departure from ordinary care or the want of even scant care.

*Thompson v. Occupational Health Ctrs. of La.*, 433 So.3d 1066, 1068 (La. Ct. App. 5th Cir. 2026) (quoting *Rabalais v. Nash*, 952 So.2d 653, 658 (La. 2007)) (cleaned up; internal quotations omitted).

Plaintiff's amended complaint adds allegations relating to the care provided by defendant. "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). Ordinarily, the court would moot a 12(b)(6) motion to dismiss filed before amendment of the complaint and allow the defendant another opportunity to address any deficiencies that remained after amendment. As defendant notes, however, the filing of an amended complaint does not automatically moot a pending motion to dismiss. Instead, "[i]f some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading." *Rountree v. Dyson*, 892

F.3d 681, 683–84 (5th Cir. 2018) (quoting 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. § 1476 (3d ed.)). Defendant maintains that the amended allegations do not cure plaintiff's alleged failure to meet the bar of gross negligence. Rather than entertain another round of briefing, the court will consider these arguments under the operative complaint.

Plaintiff argues that the amended allegations show gross negligence based on defendant's documentation of the deformity, failure to address it in surgery, and failure to record its persistence after the operation. He also charges defendant with only obtaining his consent while he was under the influence of morphine and failing to discuss reasonable therapeutic alternatives or the material risks of the procedure. Doc. 10, ¶¶ 79–83. Defendant shows that other courts have rejected similar claims at the pleading stage under LHEPA's immunity defense. In *Baele v. University Healthcare System, L.C.*, the court found that plaintiff's claims based on a failure to accurately document the patient's history, symptoms, and vitals, promptly order the appropriate tests, and promptly request a specialist consult, did not show that defendants "actively desired or knew the results of their actions would result in harm" and thus sounded under the typical negligence standard rather than gross negligence. 2024 WL 3105009, at *3 (E.D. La. June 24, 2024) (quoting *Whitehead v. Christus Health Ctr. La.*, 344 So.3d 91, 96 (La. Ct. App. 3d Cir. 2022)). In *Ware v. Irving Place Associates, L.P.*, the U.S. Fifth Circuit Court of Appeals affirmed that plaintiff's claims based on a rehabilitation center's failure to promptly treat three incidents of breathing difficulties fell short of the "capacious standard" for gross negligence under Louisiana law. 2025 WL 3022311, at *2 & n. 5 (5th Cir. Oct. 29, 2025). Finally, the

Louisiana Fifth Circuit Court of Appeal upheld a peremptory exception of no cause of action based on a determination that plaintiff had not shown gross negligence through defendants' alleged failure to timely diagnose and treat her ectopic pregnancy. *Cortes v. University Healthcare Sys.*, 412 So.3d 1082, 1085–86 (La. Ct. App. 5th Cir. 2025).

This matter, however, does not deal with a failure to promptly treat or recognize a condition. Instead, taking the allegations as true and construing them in a light most favorable to plaintiff, it arises from defendant's alleged failure to correct a deformity that he himself documented in the reduction of plaintiff's hip fracture. A surgeon's failure to accomplish what appeared to be one of the aims of the operation may amount to "an extreme departure from ordinary care or the want of even scant care." *Thompson*, 433 So.3d at 1068. Further, as discussed below, the court has no basis to defer to the medical review panel's determination of no negligence at this stage.

As for the informed consent claim, defendant relies on findings of the medical review panel relating to the consent form. Under Louisiana law the opinion of the medical review panel "is admissible, expert medical evidence that may be used to support or oppose any subsequent medical malpractice suit" but is also "subject to review and contestation by an opposing viewpoint." *McGlothlin v. Christus St. Patrick Hosp.*, 65 So.3d 1218, 1227 (La. 2011). Even at the summary judgment stage, the medical review panel's conclusions may be rebutted. The trier of fact "is free to accept or reject any portion or all of the opinion" and a party may challenge the board's opinion if the decision was based on a resolution of disputed material facts. *Sencial v. Lopinto*, 2026 WL 1004697, at *8 (E.D. La. Apr. 14, 2026) (internal quotations omitted). At this stage, the court's review is confined to

the pleadings. There is no basis for allowing the medical review panel's conclusions to override plaintiff's well-pled allegations. Accordingly, dismissal is not appropriate.

## III.
## CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 8] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 25th day of November, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**